IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS L. MAXBERRY,

                Plaintiff,

v.                                                     OPINION and ORDER

LOUIS DEJOY and EQUAL EMPLOYMENT         25-cv-465-jdp
OPPORTUNITY COMMISSION,

                Defendants.

---

Dennis L. Maxberry, a resident of Chippewa Falls, Wisconsin, brings this lawsuit against Louis DeJoy and the United States Equal Opportunity Commission (EEOC). Maxberry originally filed this case in the United States District Court for the District of Columbia, which granted defendants' motion to transfer the case to this court. Dkt. 18.

Defendants move to dismiss the complaint, arguing that Maxberry's allegations violate the Federal Rules of Civil Procedure. Dkt. 25. I will grant that motion, dismiss the complaint, and give Maxberry a chance to file an amended complaint.

ANALYSIS

As with Maxberry's other cases filed in this court, his complaint in this case is largely unintelligible. *Maxberry v. Veterans Admin.*, No. 13-cv-835-bbc, 2014 WL 282051, at *1 (W.D. Wis. Jan. 27, 2014) (discussing Maxberry's previous filings). He appears to be attempting to bring a Title VII employment discrimination claim against the United States Postal Service, but his rambling 18-page complaint isn't clear enough to tell how or why he thinks that he was discriminated against. He also names the EEOC as a defendant, but as defendants point out,

he can't sue the EEOC under either Title VII or the Administrative Procedures Act to review one of its decisions. *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 and n.1 (7th Cir. 1984).

Even after the court gave Maxberry two extensions of his deadline to respond to defendants' motion to dismiss, he hasn't appropriately responded to the motion. Rather, he filed two documents titled "Motion for leave of court to ask for summary judgment based on a take over in the area by convicts and gangs," that contain unintelligible arguments about his claims. Dkt. 34 and Dkt. 36. I'll deny those motions because it's premature to consider summary judgment; he hasn't yet established that he has any viable claims.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Stated another way, Maxberry must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024). Maxberry's complaint doesn't come close to meeting these standards. Therefore, I will grant defendants' motion to dismiss his complaint.

I will give Maxberry a short time to submit an amended complaint fixing these problems. In drafting his amended complaint, Maxberry should be sure to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Omit legal arguments other than explaining what types of claims that he wishes to assert.

If Maxberry fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 25, is GRANTED.

2. Plaintiff's complaint, Dkt. 1, is DISMISSED.

3. Plaintiff's motions for summary judgment, Dkt. 34 and Dkt. 36, are DENIED.

4. Plaintiff may have until February 13, 2026, to submit an amended complaint.

Entered January 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge